## SWIFT & CO. v. NEW YORK CENT. R. CO. et al.

(District Court, S. D. New York. August 12, 1924.)

Carriers ⊜➔200—Commerce ⊜➔85—Shipper, making no request for rates between points constituting most direct route, as to which there was no published tariff, not entitled to refund of freight charges in excess of reasonable rate on shorter route; Commission without authority to allow shipper a refund.

Shipper, who made no request, as authorized by Interstate Commerce Act, § 1, par. 4, as amended by Act Feb. 28, 1920, § 400 (Comp. St. Ann. Supp. 1923, § 8563), for rates between points as to which there was no published tariff, cannot recover freight charges paid over a longer route, which was the most direct of any route on which rates were published, nor had the Interstate Commerce Commission authority to allow shipper a refund representing the excess over reasonable rates on the shorter route.

At Law. Action by Swift & Co. against the New York Central Railroad Company, and others. Petition dismissed.

Lewis A. Ackley, of New York City, for petitioner.

Alexander S. Lyman, of New York City, for defendants.

GARVIN, District Judge. The action is brought to recover the sum of $947.09, with interest thereon at the rate of 6 per centum per annum from January 20, 1915. This amount was paid to defendants by petitioner as freight charges under the following circumstances:

During the month of January, 1915, petitioner imported from South America quantities of fresh meat, 59 carloads of which were tendered by petitioner to defendants at ship's side, the landing place of the vessel by which the shipments came, in Brooklyn, N. Y., consigned to petitioner at the Thirty-Third street station of defendants in New York, N. Y. The defendants, as common carriers of freight, accepted these shipments and transported them to said Thirty-Third Street station, not direct, but by way of Weehawken, N. J., and thence back to the Thirty-Third Street station. At that time there was no published rate on any commodity from shipside in Brooklyn to the Thirty-Third Street station, and the route taken was the most direct of any upon which a rate was published. In December, 1914, petitioner exported to foreign countries from New York City various quantities of fresh meat, six carloads of which were tendered by petitioner to defendants as common carriers of freight at said Thirty-Third Street station, and so accepted, and were thereupon transported by them from said Thirty-Third Street station to ship's side in Brooklyn, N. Y., to which point they were consigned. They did not transport the shipment by way of Sixtieth street, as it was routed, but to 130th street, thence back to the Sixtieth Street station and thence to ship's side. At the time of this shipment no rate had been established over the direct route from the Thirty-Third Street station to ship's side by way of Sixtieth street and the route taken was the most direct of any upon which a rate was published.

On or about June 12, 1916, petitioner filed a complaint with the Interstate Commerce Commission against defendants, setting forth petitioner's claim that unreasonable rates had been collected by defendants for the transportation of the aforesaid 65 carloads of fresh meat. A hearing was had, testimony taken, and the Commission issued its report and decision, upholding petitioner's contention. Thereafter on or about November 6, 1918, the Commission issued its order directing defendants to make reparation to petitioner in the sum of $947.09, with interest thereon at the rate of 6 per cent. per annum from January 20, 1915, representing the excess charged by defendants over reasonable rates if the direct routes had been followed. This proceeding is brought to enforce said order, with which defendants have failed to comply.

It is not disputed that the charges were reasonable for the services actually performed, as rendered, but petitioner contends that the shipments should have been transported direct from shipping point to destination. If that had been done, the rate charged would have been excessive and unreasonable, as the Commission has properly found. If the defendants had received and transported the shipments by any route without having published the rate, they would have been guilty of a misdemeanor. United States v. Illinois Terminal R. Co. (D. C.) 168 F. 546.

It is provided by section 1, paragraph 4, of the Interstate Commerce Act, as amended by Act Feb. 28, 1920, § 400 (41 Stat. 474 [Comp. St. Ann. Supp. 1923, § 8563]), as follows:

"It shall be the duty of every common carrier subject to this act engaged in the transportation of passengers or property to provide and furnish such transportation upon reasonable request therefor, and to establish through routes and just and reasonable rates, fares, and charges applicable thereto, and to provide reasonable facilities for oper-

ating through routes and to make reasonable rules and regulations with respect to the operation of through routes, and providing for reasonable compensation to those entitled thereto; and in case of joint rates, fares, or charges, to establish just, reasonable, and equitable divisions thereof as between the carriers subject to this act participating therein which shall not unduly prefer or prejudice any of such participating carriers."

The shipper, therefore, could have required the publication of a rate by giving reasonable notice. This had not been done. To hold the defendants liable under the facts disclosed would be to require common carriers to publish rates for a route between every conceivable two points, or take the consequences. That such was not the intention of Congress, is manifest, I think from the provision of the act which permits a shipper to require a carrier to publish any rate on reasonable request.

Apparently the importation of Argentine beef, which was the subject of this shipment, had not been undertaken before on a large scale. It is manifest that the plaintiff must have known some time in advance of the expected arrival of the shipment and with that knowledge (which the defendants could not reasonably be expected to share) should have informed itself whether or not the defendants had published a rate from ship's side to the Thirty-Third street yard. The petitioner apparently made no effort to obtain this information and the defendants had no reason to suppose that they would be called upon to undertake such transportation and were not guilty of an unreasonable neglect in failing to publish a rate for a service which they had no reason to anticipate would be required.

If these conclusions are correct, the Commission had no authority to make the order, the petitioner is not entitled to the relief sought, and the petition must be dismissed.